UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                          :
CRYSTAL L. COX,                                :
                                                          :     TRANSFER ORDER
               Plaintiff,          :
                                                          :     13 Civ. 3257 (LAP)
   -against-                            :
                                                          :
DAVID CARR et al.,                  :
                                                          :
             Defendants.       :
                                                           :
------------------------------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

      Plaintiff Crystal Cox brings this *pro se* action against dozens of Defendants – including a judge, various media outlets, and her adversaries in prior litigation and their attorneys – invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. Cox, who resides in Washington, has recently filed actions similar to this one against many of the same Defendants in district courts around the country.[1] For the following reasons, this action is transferred to the United States District Court for the District of Nevada.

## BACKGROUND

      Marc and Jennifer Randazza brought suit against Crystal Cox alleging that she registered dozens of domain names involving them, such as marcrandazza.com, and refused to cease her harassment campaign unless the Randazzas purchased Cox's "reputation management" services. *See Randazza v Cox*, 2:12 Civ. 2040 (GMN) (D. Nv. Nov. 28, 2012). In their complaint, the Randazzas contend that a jury recently entered a $2.5 million jury verdict against Cox in favor of

---

[1] *See Cox v. Hill et al.*, No. 4:13 Civ. 2046 (N.D. Ca. May 2, 2013); *Cox v. Coenen et al.*, No. 2:13Civ. 534 (E.D. Wi. May 13, 2013); *Cox v. Parsons et al.*, No. 2:13 Civ. 962 (D. Az. May 16, 2013); *Cox v. Randazza et al.*, No. 2:13 Civ. 297 (D. Nv. Feb. 24, 2013).

Kevin Padrick and Obsidian Finance Group in *Obsidian Finance Group, LLC v. Cox*, No. 11-57, 2012 WL 1065484 (D. Or. Nov. 29, 2011), based on similar conduct.  The Randazzas, Padrick, and their attorneys are all Defendants in this action.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.  *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants reside in many different states.  (Compl. at 2-7.)  Venue thus does not lie in this Court under § 1391(b)(1) because all Defendants do not reside in this District.  Plaintiff also alleges that the events or omissions giving rise to her claims occurred outside this District, and venue is therefore not proper in this Court under § 1391(b)(2).

A substantial part of Plaintiff's claims arose in Nevada, where Plaintiff alleges that the Randazzas reside, which is in the District of Nevada.  *See* 28 U.S.C. § 108.  Accordingly, venue is proper in the District of Nevada under § 1391(b)(2), and this action is transferred to the United States District Court for the District of Nevada, 28 U.S.C. § 1406(a).[2]

---

[2] Transfer to the District of Nevada, where Plaintiff earlier filed *Cox v. Randazza et al.*, No. 2:13 Civ. 297 (D. Nv. Feb. 24, 2013), is also proper under the first-filed doctrine.  *See AEP*

The Clerk of Court is directed to assign this matter to my docket and to mail a copy of this order to Plaintiff.  The Clerk of Court is further directed to transfer this action to the United States District Court for the District of Nevada.  Whether Plaintiff should be permitted to proceed further without payment of fees is a determination to be made by the transferee court.  This order supersedes the provision of Rule 83.1 of the Local Rules for the Southern District of New York that requires a seven-day delay before the Clerk of Court may effectuate the transfer of the case to the transferee court.  A summons shall not issue from this Court.  This order closes this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

*/s/ Loretta A. Preska*
LORETTA A. PRESKA
Chief United States District Judge

Dated: May 17, 2013
       New York, New York

---

*Energy Svc. Gas Holding Co. v. Bank of Am.*, 626 F.3d 699, 722 (2d Cir. 2010) ("[W]here there are two competing lawsuits, the first suit should have priority.").